## NEW YORK SUPERIOR COURT — GENERAL TERM, JULY, 1893.

### TAYLOR *v.* BOLTON.

APPEAL from a judgment dismissing the complaint entered on the report of a referee.

THEODORE F. MILLER, Referee. This action is brought to recover for goods alleged to have been sold to, and work alleged to have been performed for, the defendants at the premises southwest corner Sixth avenue and Twenty-second street in the city of New York, by the plaintiffs, who are builders.

The evidence before me discloses the fact that one Elisha Sniffin, an architect, contracted with the defendant, Samuel Bolton, to supply certain materials and perform certain work in and about the premises referred to, at an agreed price; that the said Sniffin furnished the material and performed the work pursuant to said contract, and employed, or contracted with the plaintiffs, to do part of the same; and that plaintiffs were paid therefor by Sniffin's personal checks. Upon the completion of the contracts above referred to, it appears there was certain extra work required to be done, and Sniffin claims that Bolton requested him to employ carpenters to do this extra work. It appears that the plaintiffs entered upon the performance of this extra work, at the request of Sniffin. The defendant, Samuel Bolton, emphatically denies the statements

of Sniffin, and testifies that his contract was with Sniffin solely, and that he never knew or heard of the plaintiffs, until their bill was presented, and that he paid this bill, or some part of it, at Sniffin's request.

From the evidence I am not led to place any confidence in Mr. Sniffin's statement. From the testimony of Mr. Taylor it appears that in the fall of 1890 he told the plaintiffs not to press their claim, as Bolton was short; and the bill was not submitted until December, 1890; Sniffin had been careful, however, to collect his money in full in October, as appears by his receipt of October 8, 1890. He was evidently anxious to get his money, and after receiving it to leave the defendants to a law suit at the hands of his subcontractors, the plaintiffs.

In view of this consideration and the fact that the testimony of Sniffin has not been corroborated, and is flatly contradicted by Bolton, it cannot be said that the plaintiffs have maintained the issue by a preponderance of evidence; and this the plaintiffs must do, especially in view of the relations formerly existing between them and Sniffin, and the defendants and Sniffin. I think that the evidence clearly establishes that the plaintiffs were subcontractors of Sniffin.

Having reached this conclusion I have thought it unnecessary to pass upon the questions as to the reasonable value of the work done and materials furnished, and as to the liability of the defendant, Mary Bolton, which latter question was raised by the defendants' counsel.

The complaint should be dismissed, with costs.

*John Henry Hull*, for plaintiffs (appellants).

*William B. Ellison*, for defendants (respondents).

*Per Curiam.* The judgment should be affirmed, with costs, upon the opinion of the referee.